THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL DAWSON, Defendant-Appellant.

Fourth District   No. 4—83—0085

Opinion filed July 28, 1983.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Rebecca White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On November 9, 1982, following a jury trial in the circuit court of Vermilion County, defendant, Samuel Dawson, was convicted of three counts of residential burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—3(a)), four counts of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), and two counts of felony theft (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)). He was subsequently sentenced to 15 years' imprisonment on each of the residential burglary counts, seven years' imprisonment on each of the burglary counts, and five years' imprisonment on each of the felony theft counts; all sentences were to be served concurrently.

On appeal, defendant maintains: (1) The evidence was insufficient to support a conviction for residential burglary at Oscar Lindley's residence; (2) the conviction for burglary of Oscar Lindley's garage should be vacated where defendant was also convicted of residential burglary of Lindley's home; and (3) the sentences of 15 years' imprisonment imposed for each residential burglary conviction were excessive.

At trial, six witnesses testified that their homes and/or garages had been broken into and personal property had been taken during

the summer of 1982. Oscar Lindley testified that he was in the hospital from August 1 through August 10, 1982, and that a neighbor had been watching his house. He stated he was the owner of a blue station wagon which was kept in the garage attached to his house, and the keys to the car were hanging in a utility room just inside the door to his house. A neighbor testified that she was in Lindley's garage at 6 a.m., on August 9, fed Lindley's dog, and left the garage door partially open so the dog could go in and out. She stated that when she returned at 8:30 p.m., the door was completely open, and the car was gone.

An 11-year-old (R.M.) testified at trial that he and another 11-year-old (S.L.) and defendant broke into and took personal property from several houses and garages in the spring and summer of 1982. He further testified that he was apprehended as he was leaving an apartment through a window. He stated that he and defendant were in the process of disconnecting the television when the owner of the home arrived, and defendant left through the window. Defendant was subsequently found walking along the street in front of the apartment and was arrested. R.M. also testified that a few days prior to being caught, he had seen defendant driving a blue station wagon, and that defendant told him he left the car in the woods and stripped it.

S.L. also testified that he participated in several burglaries with defendant from March to August 1982. He further stated that he had seen defendant driving a blue station wagon a few days prior to defendant's arrest. The police found the abandoned blue station wagon in an isolated area, and the license plate number matched that of Oscar Lindley's automobile.

In the instant case, one count of burglary was based on defendant's removal of an automobile and tools from Oscar Lindley's garage, and one count of residential burglary was based upon his entry into Lindley's residence to obtain the keys to the automobile. Defendant does not dispute the sufficiency of the evidence to show he entered the garage and took the automobile (see *People v. Housby* (1981), 84 Ill. 2d 415, 420 N.E.2d 151, *cert. denied* (1981), 454 U.S. 845, 70 L. Ed. 2d 131, 102 S. Ct. 160), but, rather, he contends that, in entering the garage and taking the automobile, he did not commit residential burglary.

■ The offense of residential burglary occurs when one "enters the dwelling place of another with the intent to commit therein a felony or theft." (Ill. Rev. Stat. 1981, ch. 38, par. 19—3(a).) A "dwelling" is "a building or portion thereof, *** or other enclosed space which is used or intended for use as a human habitation, home or resi-

dence." (Ill. Rev. Stat. 1981, ch. 38, par. 2—6.) Defendant maintains the evidence was insufficient to support his conviction of residential burglary of Lindley's home, since there was no evidence that he entered that portion of the structure which constituted Lindley's "dwelling place" as required by the statute.

■ Lindley's house and garage were attached with one roof, one foundation, and a connecting door. Once defendant had broken the close of the garage, he had sufficient entry into Lindley's "dwelling place" to establish residential burglary. Moreover, although Lindley did not testify that the keys to the car had been taken, S.L. testified that he saw defendant with the keys. Further evidence showed that the blue station wagon defendant was seen driving and Lindley's car had the same license plate number. No evidence was offered that a set of keys other than those hanging inside the house could have been used to start the car. Thus, the evidence was sufficient to establish defendant's conviction for residential burglary.

■ Defendant's second contention is that his conviction for burglary of Lindley's garage should be vacated, because it is an included offense of residential burglary. We agree. Defendant's entry into the garage and the entry into the house constituted one entry. Where more than one offense is carved from the same physical act, a conviction and sentence may only be granted on the greater offense. *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.

Defendant's final argument is that his sentences of 15 years' imprisonment for each of the residential burglary convictions were excessive. Defendant notes that his only previous conviction was for a Class A misdemeanor, unlawful use of weapons. (Ill. Rev. Stat. 1981, ch. 38, par. 24—1.) He was sentenced to and served one day incarceration in the Vermilion County Public Safety Building in June 1982.

■ Defendant was convicted in the instant case of three Class 1 felonies for which he could have been imprisoned from four to 15 years. He was also convicted of four Class 4 felonies and two Class 3 felonies. The court determined that imprisonment was necessary to deter others and to protect the public. There was no evidence to support defendant's contention that the court considered improper aggravating factors. In addition, the fact that defendant led several minors in participating in these offenses tends to support the severity of the sentences. We find that the trial court did not abuse its discretion in sentencing defendant. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

Defendant's conviction for the residential burglary of Oscar Lindley's home is affirmed. His conviction for the included offense of

burglary is reversed. The sentences imposed for defendant's convictions of residential burglary are also affirmed.

Affirmed in part, reversed in part.

WEBBER, P.J., and MILLER, J., concur.