THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TONY R. WILEY, Defendant-Appellant.

Second District   No. 2—86—0821

Opinion filed May 19, 1988.—Rehearing denied June 2, 1988.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford, and Richard L. Salon, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Tony Wiley, appeals the judgment of the circuit court of Winnebago County finding him guilty in a bench trial of residential burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—3). Defendant contends that he was not proved guilty beyond a reasonable doubt or that, in the alternative, his conviction must be reduced to a lesser included offense such as attempted residential burglary or burglary because the trial court found that defendant did not enter a dwelling.

Robert Berogan testified that he was awakened at approximately 10 p.m. on February 6, 1986, by the sound of breaking glass. He went to the kitchen and found that a window had been broken and the window raised. On the enclosed porch behind the kitchen he discovered a broom handle which did not belong to him.

Rockford police officer Timothy Ferguson responded to a call from Berogan. He testified that the porch was enclosed, had a window looking into the kitchen, and doors leading to the kitchen and the garage. He discovered two sets of footprints in the snow, one leading up to the back porch door and the other going away from it. Ferguson followed the footprints in the snow for about two blocks to a house on Furman Street. Upon being admitted to the house, he discovered a pair of wet snow boots. Defendant was in the house and admitted that they were his. Defendant said the boots were wet because he had been blowing snow at a neighbor's house that evening. Ferguson testified that the size and tread of the boots were similar to the prints he had followed.

Defendant did not testify, but presented the testimony of two neighbors who stated that defendant had in fact been blowing snow for them on the night in question. The second neighbor, Mary Helser, testified that defendant finished at her house at about 9:45 p.m. and

last saw him heading north in the direction of the Berogan house. She lived about two blocks from Berogan's home. After hearing this evidence, the trial judge reserved his ruling because he was unsure whether the evidence proved the defendant guilty of residential burglary or some other offense.

Following a three-day recess, the court found the defendant guilty of residential burglary. The court stated:

"I don't think there's any question that the evidence showed beyond a reasonable doubt that it was Tony Wiley who committed the offense. If the State of the law is that you cannot find a person guilty of burglary when he's charged with residential burglary, I will accept that proposition and find him guilty of residential burglary. However, on appeal, the upper court should know that I would have found him guilty of burglary rather than residential burglary if burglary was a lesser included offense. Seems to me that a porch area was not a dwelling at the time."

Defendant appeals.

We first consider defendant's second issue, that his conviction must be reduced in degree since the trial court implicitly found in his favor as to an essential element of residential burglary. Defendant contends that the trial court found that Berogan's porch was not a "dwelling" place as defined by the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 2—6), and thus negated one of the essential elements of residential burglary. We disagree.

Defendant points to the language quoted above, particularly the court's remark that "a porch area was not a dwelling at the time." The Criminal Code of 1961 defines residential burglary as "knowingly and without authority enter[ing] the dwelling place of another with the intent to commit therein a felony or theft." (Ill. Rev. Stat. 1985, ch. 38, par. 19—3.) At the time of the offense, the Code defined "dwelling" as "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." (Ill. Rev. Stat. 1985, ch. 38, par. 2—6.) Defendant thus argues that the trial court's statement constitutes an implied acquittal of at least one element of the offense of residential burglary.

An implied acquittal results from a ruling which resolves in the defendant's favor some or all of the required elements of the offense. (*People ex rel. Daley v. Crilley* (1985), 108 Ill. 2d 301, 311; *People v. Pender* (1987), 154 Ill. App. 3d 978, 981.) However, an erroneous ruling of law where the trial court does not rule on the sufficiency

of the evidence is not such an implied acquittal. See *People v. Batson* (1986), 144 Ill. App. 3d 1027, 1033-34.

■ Furthermore, contrary to defendant's assertions, the court's statement that the porch was not a dwelling place does not amount to a finding of fact. The fact of defendant's presence on the porch cannot be seriously questioned. Although defendant argues that the State did not prove beyond a reasonable doubt that it was defendant who entered Berogan's porch, the evidence showed that Ferguson followed the footprints to defendant's home and that defendant admitted owning a pair of wet snow boots which were similar to the ones that had made the tracks outside Berogan's house. Moreover, defendant's alibi, that he was blowing snow at a house a few blocks from the scene until a few minutes before the incident was reported, is fully consistent with defendant's guilt. The evidence clearly supports the court's finding that it was defendant who committed the offense. The only remaining question is the application of the law to those facts.

■ The Code defines "dwelling place" as a "building, *or portion thereof* \*\*\* used \*\*\* as a human habitation." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 38, par. 2—6.) We think the porch was clearly a "portion" of the house. The residential burglary provisions apply to buildings intended to be used as residences regardless of whether they are actually being occupied. (*People v. Sexton* (1983), 118 Ill. App. 3d 998, 1000.) Thus, whether anyone actually occupied the porch area of the house on a regular basis is not determinative. In *People v. Dawson* (1983), 116 Ill. App. 3d 672, the court held that a defendant who entered an attached garage had made sufficient entry into a "dwelling place" to establish the offense of residential burglary. *Dawson*, 116 Ill. App. 3d at 674-75.

Although the specific issue has apparently never been considered by an Illinois reviewing court, other courts which have considered the question have held that a porch constitutes a part of a "dwelling" for purposes of various criminal statutes. For example, in *State v. Gatewood* (1950), 169 Kan. 679, 221 P.2d 392, the porch in question was similar to the one in the instant case, having been screened in and connected to the kitchen by a door and a window. The court held that the porch constituted part of a dwelling house for purposes of the Kansas burglary statute. (*Gatewood*, 169 Kan. at 682, 221 P.2d at 395.) Other cases have reached similar results. (See, *e.g.*, *People v. Jiminez* (Colo. 1982), 651 P.2d 395, 396-97 (attached garage); *State v. Hutchinson* (1892), 111 Mo. 257, 261, 20 S.W. 34, 34 (storage room); *Hendricks v. State* (Okla. Crim. App. 1985), 698 P.2d 477, 479 n.1 (garage); Annot., 43 A.L.R.2d 831 (1955 & Supp. 1987).) These cases es-

tablish that a porch or similar structure is considered a portion of a dwelling.

■ In the instant case, the evidence establishes that defendant entered the porch area. Thus, the element of entering a dwelling was complete at that time. The trial court's statement that the porch was not a dwelling was an incorrect statement of law and does not negate any factual element necessary to sustain defendant's conviction for residential burglary.

■ Defendant further contends that he was not proved guilty beyond a reasonable doubt because the mere act of breaking a window is insufficient to establish a design to commit a burglary. We have already determined that defendant entered the dwelling place when he stepped onto the porch. The only remaining question is whether the evidence supports the trial court's implicit conclusion that defendant possessed the requisite intent to commit a felony or theft. By finding defendant guilty, the trial court evidently found the necessary intent. Intent to commit a felony can be implied from such a situation. (See *People v. Dawson* (1983), 116 Ill. App. 3d 672, 675 ("Once the defendant had broken the close of the garage, he had sufficient entry into [the victim's] 'dwelling place' to establish residential burglary"); *cf. Hendricks v. State* (Okla. Crim. App. 1985), 698 P.2d 477, 479 n.1.) The evidence supports the trial court's conclusion that defendant had the requisite intent. The reasonable inference from the facts is that defendant, finding nothing to steal on the porch, attempted to enter a more secure area of the house by knocking out the window but was frightened off when he heard the owner wake up.

The cases which defendant cites establish only that the mere breaking of a window, without more, is insufficient to establish the entry of a dwelling and thus would support only a conviction for attempt. They also establish, however, that the breaking of a window or other attempted entry will establish intent. (See *People v. Davis* (1972), 3 Ill. App. 3d 738, 739-40; *People v. Borden* (1967), 84 Ill. App. 2d 442, 444; *cf. People v. Roldan* (1968), 100 Ill. App. 2d 81, 85-86.) In the instant case, defendant had already completed his entry into the building, and the breaking of the window could properly be used to infer intent to commit a theft or felony within the secure portion of the house.

■ Finally, although it is evident to us that the trial court in reaching its determination that defendant was guilty of residential burglary based its judgment on improper statements, *i.e.*, by incorrectly stating that burglary is not a lesser included offense (*People v. Johnson* (1984), 129 Ill. App. 3d 399, 400-01) and by commenting that

a porch area did not constitute a dwelling, it is the court's judgment and not what else may have been said by the trial court that is on appeal to this reviewing court. (*People v. Holloway* (1985), 131 Ill. App. 3d 290, 306.) Thus, we may affirm the trial court when its judgment is correct for any reason appearing in the record even though, as here, its decision may be based on improper reasoning. *People v. Treece* (1987), 159 Ill. App. 3d 397, 413.

Accordingly, based on this court's foregoing reasons, the judgment of the circuit court of Winnebago County finding defendant guilty of residential burglary is affirmed.

Affirmed.

LINDBERG, P.J., and DUNN, J., concur.