THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELISEO F. GAMINO, Defendant-Appellant.

Third District    No. 3—01—0381

Opinion filed December 4, 2002.

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant.

James L. Devine, State's Attorney, of Watseka (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Following a stipulated bench trial, defendant, Eliseo F. Gamino, a/k/a Philip Gamino, was convicted of burglary (720 ILCS 5/19—1(a)(West 2000)) and sentenced to a term of probation of 46 months and 96 days of time served in the county jail. Defendant was also ordered to pay a $500 fine and court costs. Defendant appeals and contends that his conviction must be reversed because evidence

showed that he committed residential burglary (720 ILCS 5/19—3(a)(West 2000)) and, therefore, he could not properly be convicted of burglary. We reverse his conviction.

The facts relative to our decision are not in dispute. On January 30, 2001, defendant was charged by information with residential burglary. The information was superceded by an indictment on February 8, 2001, which alleged that on January 29, 2001, defendant knowingly and without authority entered the residence of Bernie Lareau with the intent to commit a theft therein.

On April 25, 2001, defendant waived his right to a trial by jury. At that time, the State indicated that it would proceed on the charge of burglary under the information, as amended, and not residential burglary as originally charged. On April 30, 2001, the matter proceeded to a stipulated bench trial. Specifically, the parties stipulated that the evidence would be presented to the court by way of the transcript from the grand jury proceedings. The parties did not, however, stipulate to the sufficiency of that evidence to convict.

The grand jury testimony established that on January 29, 2001, defendant entered the home of Bernie Lareau without Lareau's permission. Defendant was discovered while still in the house. Subsequently, defendant admitted to police that he entered the house by forcing open an upstairs window. Defendant also admitted that he broke into the house with the intent to steal marijuana. The trial court found defendant guilty of burglary and imposed sentence. Defendant filed no posttrial motions. A timely appeal was filed.

Defendant contends that the evidence was insufficient to prove him guilty of burglary because the same evidence, in fact, proved him guilty of the mutually exclusive offense of residential burglary. We must reluctantly agree.

■ According to our supreme court, the offenses of residential burglary and burglary are mutually exclusive, i.e., residential burglary can be committed only in a dwelling place, whereas burglary cannot. *People v. Childress*, 158 Ill. 2d 275, 302 (1994). Thus, if defendant committed the offense of residential burglary, he could not have committed the offense of burglary. *People v. Borgen*, 282 Ill. App. 3d 116, 120 (1996). The *Borgen* court, when faced with the same "unorthodox" argument with which we are faced in the instant matter, was forced to conclude that if the defendant entered the dwelling place of another "then he committed the offense of residential burglary and, according to *Childress*, could not have committed the offense of burglary." *Borgen*, 282 Ill. App. 3d at 120. Justice Geiger noted, however, in his special concurrence that "[a]lthough the offenses of burglary and residential burglary are distinct, logic would suggest that the former is

necessarily a lesser included offense of the latter." *Borgen*, 282 Ill. App. 3d at 125 (Geiger, J., specially concurring). We agree with Justice Geiger.

■ Here, the evidence before the trial court was uncontroverted that defendant entered the dwelling place of another in violation of the residential burglary statute. Defendant was caught in the victim's house and admitted breaking into the house to steal marijuana. Accordingly, we reverse defendant's conviction for burglary.

The State maintains that defendant should not prevail, as the issue was waived when defendant filed no posttrial motion. Ordinarily, under such circumstances, the issue would be deemed waived. *People v. Enoch*, 122 Ill. 2d 176 (1988). However, when an error would allow for conviction for an offense the defendant did not commit, fundamental fairness dictates that the appeal be heard. *People v. Maskell*, 304 Ill. App. 3d 77, 82 (1999).

The State also maintains that defendant entered into a plea agreement to secure a lighter sentence and should not now be allowed to challenge the benefit of his bargain. See *People v. Myrieckes*, 315 Ill. App. 3d 478 (2000); *People ex rel. Bassin v. Isreal*, 31 Ill. App. 3d 744 (1975). The State's argument must fail. Unlike *Myrieckes* and *Bassin*, the defendant herein did not enter into a negotiated guilty plea. Rather, he proceeded on a stipulated bench trial where he did not concede the sufficiency of the evidence against him.

The State asks that this court remand this matter so that defendant can prosecuted for residential burglary. We cannot do that. The defendant asks this court to declare that any attempt to prosecute him for residential burglary would violate double jeopardy and compulsory joinder principles. We cannot do that either. It is well settled that this court cannot give advisory opinions. *Barth v. Reagan*, 139 Ill. 2d 399 (1990). This disposition reverses defendant's conviction on the charge of burglary. Should he be charged in the future with the offense of residential burglary for his actions on January 29, 2001, the effect of the instant disposition upon that future event would be ripe for resolution as a defense to the charge. We make no comment on that issue at this time.

For the foregoing reasons, the judgment of the circuit court of Iroquois County is reversed.

Reversed.

LYTTON, P.J., and SLATER, J., concur.