NO. 4-02-0180

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

          v.

STATEN D. TAYLOR,

Defendant-Appellant.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of Macon County

No. 01CF1290

Honorable

Theodore E. Paine,

Judge Presiding.

_________________________________________________________________

JUSTICE MYERSCOUGH delivered the opinion of the court:

In December 2001, a jury convicted defendant, Staten D. Taylor, of residential burglary (720 ILCS 5/19-3(a) (West 2000)) and burglary (720 ILCS 5/19-1(a) (West 2000)).  In February 2002, the trial court sentenced defendant to concurrent 14- and 6-year prison terms for residential burglary and burglary, respectively.  On appeal, defendant argues that he was improperly convicted of both residential and motor vehicle burglary because the motor vehicle burglary was committed while within the burglarized residence's attached garage.  Defendant argues that because the vehicle was located within the dwelling, the motor vehicle theft was subsumed under the residential burglary.  Defendant argues that the two offenses are mutually exclusive and, therefore, he may not be convicted of both.  We disagree and affirm the trial court's convictions on both motor vehicle burglary and residential burglary.  

I. BACKGROUND

In September 2001, the State charged defendant with residential burglary (720 ILCS 5/19-3(a) (West 2000)) for entering a dwelling with the intent to commit therein a theft and theft of property with a value in excess of $300 (720 ILCS 5/16-1(a)(1)(A) (West 2000)) for his theft of $80 in cash, a 35-millimeter camera (valued at $250), and a Nokia cellular phone (valued at $200) from a vehicle in the home's attached garage.  Later, in October, the State filed an additional count of simple burglary (720 ILCS 5/19-1(a) (West 2000)) against defendant for the items he stole from the vehicle.  (The State did not charge defendant with burglary to a motor vehicle for entry into a truck parked in the driveway, although the evidence suggests it could have.)  On the first day of defendant's December 2001 jury trial, the State dismissed the count of theft of property with a value in excess of $300.  Trial proceeded on the residential burglary and burglary counts.   

Evidence at trial showed that the victim, James Parker, and his girlfriend, Shawn Chandler, were asleep in Parker's home located at 707 N. Moffet on the evening of September 8, 2001.  Parker awoke in his residence at approximately 6 a.m., September 9, 2001, to find an intruder in the upstairs hallway of his home.  Parker ordered the intruder out of his home.  Parker knew the intruder to be defendant, Staten Taylor.  Defendant had previously been involved with one of Chandler's friends, Stephanie Embry.  Defendant had been inside Parker's house on more than one occasion.  A later inspection of the home and vehicles revealed that defendant had broken into Parker's Ford pickup truck parked in the driveway in front of the house.  Defendant gained entry to the truck, took an unknown amount of money, and found the garage door opener he used to enter the attached garage.  The State did not charge defendant with this burglary.  Upon entering the garage, defendant took $80 in cash, a 35-millimeter camera (valued at $250), and a Nokia cellular phone (valued at $200) from Chandler's vehicle parked inside the home's attached garage.  From the garage, defendant entered the interior of the home. Defendant also took approximately $150 in cash from a dresser drawer located in the upstairs bedroom of the home.   

The jury found defendant guilty of both charges.  The trial court sentenced defendant as stated.  This appeal followed. 

II. ANALYSIS

A. Standard of Review

Defendant argues that the facts of this case support a residential burglary and therefore cannot support a burglary.  The standard of review on a challenge to the sufficiency of the evidence is “'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'”  (Emphasis omitted.)  
People v. Collins
, 106 Ill. 2d 237, 262, 478 N.E.2d 267, 277 (1985), quoting 
Jackson v. Virginia
, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789 (1979).    

B. An Attached Garage May Be 

Considered a Part of the Dwelling   

Defendant contends that because the theft to the vehicle occurred within the confines of the attached garage, it occurred within the dwelling and was part of the residential burglary.  

The residential burglary statute states:

"A person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft.  This offense includes the offense of burglary as defined in [s]ection 19-1."  720 ILCS 5/19-3(a) (West 2000). 

Defendant correctly points out that this court and others have previously found that an attached garage may be part of the dwelling place for the purposes of the residential burglary statute.  
People v. Dawson
, 116 Ill. App. 3d 672, 675, 452 N.E.2d 385, 387 (1983) (Fourth District); 
People v. Borgen
, 282 Ill. App. 3d 116, 120-22, 668 N.E.2d 234, 238-39 (1996) (Second District); 
People v. Silva
, 256 Ill. App. 3d 414, 420, 628 N.E.2d 948, 953 (1993) (First District).  The Supreme Court of Illinois, however, held "an attached garage is not necessarily a 'dwelling' within the meaning of the residential burglary statute."  
People v. Thomas
, 137 Ill. 2d 500, 519, 561 N.E.2d 57, 64 (1990).  The 
Thomas
 court acknowledged its divergence with 
Dawson
, instead relying on its 1985 decision, 
People v. Bales
 108 Ill. 2d 182, 483 N.E.2d 517 (1985).  The 
Bales
 decision defined “dwelling” as a structure that is "used by another as a residence or living quarters in which the owners or occupants actually reside or, if absent, intend within a reasonable period of time to reside."  
Bales
, 108 Ill. 2d at 191, 483 N.E.2d at 521.  This definition was later codified by the legislature in the statute defining "dwelling" (Ill. Rev. Stat. 1987, ch. 38, par. 2-6(b)).  In light of the 
Bales
 definition of “dwelling” and its later codification, the 
Thomas
 court indicated that its holding was not necessarily inconsistent with the reasoning in 
Dawson
.          

However, the factual situation here is not analogous to either 
Thomas
, 
Bales
, or 
Dawson
.  Whether the garage is part of the dwelling, in this instance, is not entirely dispositive.  The defendant in 
Dawson
 was charged separately for entry into the garage and entry into the house.  The 
Dawson
 court vacated the burglary charge because it found that entry into the garage and entry into the house constituted one entry.  Where more than one offense is carved from the same physical act, the court reasoned, the defendant may only be convicted on the greater offense.  
Dawson
, 116 Ill. App. 3d at 675, 452 N.E.2d at 387.  

Here, defendant was not charged with burglary for his entry into the garage.  He was charged with burglary for his entry into the vehicle.  In 
Dawson
, the garage and house are one entity.  However, here, the vehicle and house are singular entities.  Moreover, neither of the defendants in 
Dawson
 or 
Borgen
 had broken in and stolen items from vehicles parked in the garages.  Neither of these two defendants burglarized the vehicles parked in the garages.  Defendant in the present case did.  

The burglary statute states:

"A person commits burglary when without authority he knowingly enters or without authority remains within a *** motor vehicle *** with intent to commit therein a felony or theft."  720 ILCS 5/19-1(a) (West 2000).

Had defendant merely entered the home through the garage and continued past the vehicle, not entering it, he would only have been convicted of residential burglary.  Even if he had stolen from both the garage and the house, he would only have been convicted of one residential burglary.  However, his entry into and theft from the vehicle are separate crimes.  The fact the vehicle was parked in the garage when it was burglarized does not decriminalize his unlawful entry into it.  So, while the defendant's entry into the garage placed him within the dwelling, he committed a separate, distinct, and additional crime, committing burglary from a vehicle, once therein.  

C. Residential Burglary and 

 Burglary to a Vehicle Are Not Mutually Exclusive

Residential burglary was severed from the burglary statute in 1982.  See Pub. Act 82-238, eff. January 1, 1982 (1981 Ill. Laws 1275, 1276) (adding ch. 38, par. 19-3); 
Thomas
, 137 Ill. 2d at 519, 561 N.E.2d at 64.  According to our supreme court's holding in 
People v. Childress
, 158 Ill. 2d 275, 302, 633 N.E.2d 635, 647 (1994), the offenses of residential and simple burglary are mutually exclusive.  The court explained that "[r]esidential burglary can be committed only in dwelling places, while simple burglary cannot occur in a dwelling place."  
Childress
, 158 Ill. 2d at 302, 633 N.E.2d at 647.  More simply, if defendant committed residential burglary, he could not have simultaneously committed burglary. 

In 
Childress
, the defendant was convicted of first degree murder, home invasion, burglary, and attempted aggravated criminal sexual assault.  The victim knew the defendant, and there was evidence that she invited him into her apartment.  At a sentencing hearing, the jury found the defendant eligible for the death penalty and no mitigating circumstances sufficient to preclude imposition of that sentence.  The jury found the defendant eligible for the death penalty on two grounds:  the defendant had been convicted of two murders, and the defendant had committed the present murder in the course of a specified felony, including home invasion, burglary, and attempted aggravated criminal sexual assault.   

On appeal, the defendant stated that he could not have been found guilty of burglary.  If the burglary conviction were vacated, the defendant argued, the death-penalty eligibility determination on that ground must also fail.  The 
Childress
 court agreed that the defendant could not have been guilty of burglary because the victim was killed in her own home.  “Residential burglary can be committed only in dwelling places, while simple burglary cannot occur in a dwelling place.”  
Childress
, 158 Ill. 2d at 302, 633 N.E.2d at 647.  However, the court, in vacating the defendant’s burglary conviction, found that the jury’s determination of eligibility on the felony-murder basis was nonetheless proper.  The convictions for home invasion and attempted aggravated criminal sexual assault remained as the basis for death-penalty eligibility.      

However, 
the 
Childress
 holding prompted the legislature to amend the residential burglary and burglary statutes
.  Following 
Childress
, in 2001, the legislature amended both the residential burglary and burglary statutes.  Pub. Act 91-928, eff. June 1, 2001 (2000 Ill. Laws 2146).  The amendment expanded the definition of residential burglary to apply not only to a person who 
enters
 the dwelling place of another without authority but also to a person who enters with authority but 
remains
 within the dwelling place after that authority is revoked.  The burglary statute already contained this language.  See 720 ILCS 5/19-1 (West 2000).  The amendment sought to make the two statutes identical in this respect.  Prior to the amendment, if the defendant had entered the residence with authority, he could not be charged with residential burglary.  The pre-amendment residential burglary statute required the defendant to enter without authority.  720 ILCS 5/19-1 (West 2000).  The amendment sought to include a defendant who entered the residence with authority but remained in the residence after that authority was revoked.  The bill’s sponsor offered an example:  a former spouse who may be invited into the home who then turns violent (acquiring the intent to commit a felony), is asked to leave (authority is revoked), but refuses.  91st Ill. Gen. Assem., House Proceedings, April 13, 2000, at 37-38.  While the defendant’s conduct in 
Childress
 was not covered under the former residential burglary statute because the defendant had been invited into the home, he would have been guilty of residential burglary under the new statute (see 720 ILCS 5/19-1 (West 2000)).

According to the House debates, the purpose of adding this language to the residential burglary statute was to make burglary an included offense of residential burglary.  The amendment was introduced in both the House and the Senate as one that would provide "statutorily that burglary shall be a lesser-included offense *** of residential burglary."  91st Ill. Gen. Assem., Senate Proceedings, April 7, 2000, at 100 (statements of Senator Petka); see also 91st Ill. Gen. Assem., House Proceedings, March 2, 2000, at 104.  The Legislative Synopsis and Digest explained the amendment as follows: "Revises the law so that burglary and residential burglary are no longer mutually exclusive, making burglary a lesser-included offense of residential burglary."  91st Ill. Gen. Assem., Legislative Synopsis and Digest 1568.  To this end, the amendment deleted language in the former burglary statute stating that the offense of burglary shall not include “the offense of residential burglary as defined in [s]ection 19-3 hereof.”  Pub. Act 91-928, §5, eff. June 1, 2001 (2000 Ill. Laws 2146, 2148) see also 720 ILCS 5/19-1 (West 2000).  The amendment expanded residential burglary to a person who not only enters without authority but remains without authority by adding the language: "or knowingly and without authority remains within."  Pub. Act 91-928, eff. June 1, 2001 (2000 Ill. Laws 2146, 2148).  It also added to the residential burglary statute: “This offense includes the offense of burglary as defined in section 19-1.”  Pub. Act 91-928, §5, eff. June 1, 2001 (2000 Ill. Laws 2146, 2148).  

During the House debates on this amendment, the bill’s sponsor explained its purpose:

“The case of 
People v. Childress
 is a  death[-]penalty case. *** [W]hat you had was, and this is what we’re trying to get at with this [b]ill, is you had somebody who was invited into an apartment who stabbed to death the woman who lived there and in that case[,] they sought the death penalty.  *** [A]s one of the aggravating factors, they wanted to show that there was a burglary, and what the [s]upreme [c]ourt found in this case was that the burglary section did not include dwellings.  Now, all we’re trying to do is make the *** residential burglary section and the burglary section have the same provisions in it so as to avoid this sort of technical problem in death[-]penalty cases.                                   * * *                          We’re trying to address very serious cases, death[-]penalty cases and domestic[-]violence cases.”  91st
 Gen. Assem., House Proceedings, April 13, 2000, at 44-45 (statements of Representative Winkel).  

Although the legislature's intent was to make the residential burglary and burglary statutes have the same provisions, it overlooked the fact that the burglary statute, unlike the residential burglary statute, not only applies to unlawfully entering or remaining in a building, but also to unlawfuly entering or remaining in other enumerated structures, including entering or remaining in a watercraft, aircraft, motor vehicle, or railroad car.  

These amendments had taken effect when the offenses were committed in the present case.  Although
 two opinions have been published on this issue since the amendment, the effect of these amendments has not been addressed because the defendants in both cases were tried under the pre-amendment language of the statutes.  See 
People v. Gamino
, 335 Ill. App. 3d 1020, 784 N.E.2d 831 (2002) (defendant convicted under the 2001 version of the burglary statute prior to amendment going into effect; upholds 
Childress
 finding of mutual exclusivity; no mention of the amendment); 
People v. Torres
, 327 Ill. App. 3d 1106, 764 N.E.2d 1206 (2002) (defendant convicted under the 1998 version of the statute because criminal conduct occurred in 2000).

A lesser-included offense is one that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged."  720 ILCS 5/2-9 (a) (West 2000).  Because the simple burglary statute additionally applies to nonresidential structures, it is not
 
always a lesser-included offense of residential burglary.  

Because burglary to a building is a lesser-included offense of residential burglary, a defendant may not be convicted of both residential and simple burglary for the same act, 
i.e.
, entry of the dwelling.  However, a defendant may be sentenced for burglary and residential burglary when he committed both acts, separately and distinctly--as in this case, defendant broke into the garage and then into the vehicle.  
To determine the propriety of multiple convictions, we must determine whether defendant's conduct consisted of separate acts or a single physical act.  
People v. King
, 66 Ill. 2d 551, 562, 363 N.E.2d 838, 842 (1977).  Where it is found that defendant committed multiple acts, convictions with concurrent sentences can be entered if the offenses are not included offenses.  
People v. Rodriguez
, 169 Ill. 2d 183, 186, 661 N.E.2d 305, 306 (1996).

An "act" is "any overt or outward manifestation which will support a different offense."  
King
, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.  While the pivotal act for both residential burglary and burglary is entry, the present case involved entries into  different structures.  Residential burglary requires entry into a “dwelling place."  In contrast, burglary requires, among
 
other entries, entry into a motor vehicle.  Defendant performed two separate and distinct physical acts:  one entering the garage and another entering the vehicle.  This case is not a situation where the State merely carved two offenses out of one physical act.    

Once we determine that defendant's conduct was comprised of multiple acts, for the concurrent sentences to be proper, we must be certain that one of the crimes is not a lesser-included offense of the other.  An included offense is one that "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged."  720 ILCS 5/2-9(a) (West 2000).  While simple burglary of a building can, in certain circumstances, be a lesser-included offense of residential burglary, simple burglary of a vehicle cannot.  When 
burglary has been found to be a lesser-included offense of residential burglary,
 the courts were considering residential burglary and burglary to a building.  See 
Childress
, 158 Ill. 2d 275, 633 N.E.2d 635 (crimes are mutually exclusive, so murder committed in victim's apartment does not justify simply burglary charge); 
People v. Gamino
, 335 Ill. App. 3d 1020, 784 N.E.2d 831 (mutually exclusive, so breaking into victim's home did not allow simple burglary charge); 
People v. Borgen
, 282 Ill. App. 3d 116, 668 N.E.2d 234 (mutually exclusive so breaking into garage did not allow simply burglary charge).  However, the present burglary statute applies to specifically enumerated structures other than buildings:   

"A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in [t]he Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft."  720 ILCS 5/19-1(a) (West 2000).

Defendant in the case before us was convicted under the above burglary statute for his entry into and theft from the motor vehicle.  Here, defendant (1) knowingly entered a motor vehicle, (2) without authority, and (3) with the intent to commit therein a theft.

The residential burglary statute, on the other hand, states:

"A person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft.  This offense includes the offense of burglary as defined in [s]ection 19-1."  720 ILCS 5/19-3(a) (West 2000).

Defendant was convicted under the residential burglary statute for his entry and theft from the victim's home.  Defendant (1) knowingly entered the dwelling place of another, (2) without authority, and (3) with the intent to commit a theft therein.  

In light of the statutory definition of lesser-included offenses, vehicular burglary is not a lesser-included offense of residential burglary.  Vehicular burglary is not established by proof of the same or less than all of the facts than are required to establish residential burglary.  Conviction of vehicular burglary requires, rather, additional facts.  Quite simply, the defendant must enter a vehicle, not a building/dwelling.  The legislature specifically named "motor vehicle" in the burglary statute, indicating its intent to protect it.  The motor vehicle should not be stripped of its protected status simply by its location within an attached garage.  Additionally, defendant must form a separate intent to commit a theft from the vehicle, as opposed to the dwelling as a whole.  When defendant entered the garage with the intent to commit a theft therein, he had completed the offense of residential burglary, having then satisfied the elements of the offense.  Defendant's intent was to enter the home and to commit theft, which he did by removing items from the master bedroom.  Once in the garage, defendant formulated a separate and different intent to enter the vehicle and commit a theft therein.  When defendant opened the car door with that intent, he had completed the offense of vehicular burglary, having satisfied the elements of the offense.  Where convictions are based on separate and distinct acts that require different elements of proof, the offenses do not arise from the same conduct.  
King
, 66 Ill.2d at 562, 363 N.E.2d at 842.

   Because these are separate and distinct acts, vehicular burglary is not a lesser-included offense of residential burglary 
and the two convictions with concurrent sentences may
 stand.   

Further, where separate victims are involved, separate convictions are required.  
People v. Kuntu
, 196 Ill. 2d 105, 131, 752 N.E.2d 380, 395 (2001).  The charging instrument for vehicular burglary named Shawn Chandler (only) as the victim, while the charging instrument for residential burglary named James Parker, in addition to Shawn Chandler, as the victim.  If the residential burglary encompassed the vehicular burglary, then James Parker would also be a victim of the vehicular burglary.  Such a conclusion would be incorrect.  The vehicle belonged to Chandler.  By unlawfully entering the vehicle, defendant victimized Chandler, not Parker.    

III. CONCLUSION

 Because the burglarized vehicle was located within the dwelling, defendant's entries into the house and vehicle are separate 
acts.  Defendant committed the multiple acts of entering the vehicle and entering the house.  Because vehicular burglary is not a lesser-included offense of residential burglary, both concurrent sentences and convictions may stand.  

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

COOK and APPLETON, JJ., concur.