THIRD DISTRICT

April 7, 2004

No. 1-03-2232

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

WILLIAM ATKINS,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

No.  00 CR 10095

Honorable

Preston L. Bowie,

Judge Presiding.

MODIFIED UPON DENIAL OF REHEARING

JUSTICE KARNEZIS delivered the opinion of the court:

Following a bench trial, defendant was convicted of burglary and sentenced to seven years in prison.  On appeal, defendant contends his conviction must be reversed because when he committed the offense, burglary was not a lesser included offense of residential burglary.
(footnote: 1)  We reverse. 

The facts in this case are not in dispute.  Defendant was charged with residential burglary, and was tried in a bench trial simultaneously with codefendant Marcus Gross, who was tried before a jury.
(footnote: 2)  The record establishes that on March 19, 2000, at about 11:45 a.m., Officer Ken Walker and his partner Linda Gutierrez were on duty in the area of 1808 West Hastings in Chicago.  Officer Walker knew Josephine Jackson occupied the basement apartment of the three-flat building located at 1808 West Hastings.  The first and second floors of the building were vacant and some of the building's windows were broken and boarded-up.  Most of the homes surrounding the building were in the process of being demolished.

In the alley behind the three-flat building the officers noticed a parked car with an opened trunk containing a large piece of furniture.  The officers set up surveillance and observed defendant and codefendant exit through the front door of the building.  Codefendant exited carrying a large duffle bag, and defendant followed thereafter carrying a large cardboard box.  Defendant and codefendant placed the items inside the car parked in the alley and drove away.  The officers stopped the defendants and arrested them. 

The officers recovered several household items from the duffle bag and a small desk with a mirror from the cardboard box.  The officers contacted Jackson, who identified the recovered items as her property.  Jackson stated that when she left in the morning, she locked the building.  Jackson did not give defendant or codefendant permission to enter her home or take any items.  

At the close of the evidence, the trial court stated it was not convinced beyond a reasonable doubt that defendant knew the basement of the building was a residence and, therefore, found defendant "guilty of the lesser included offense of burglary."  The trial court sentenced defendant to seven years in prison in February 2001.  

Defendant filed a motion for a new trial and a motion to reconsider his sentence.  The trial court denied both motions.

On appeal, defendant contends the trial court erred in convicting him of burglary because he was charged with residential burglary and at the time he committed the offense burglary was not a lesser included offense of residential burglary.  Specifically, defendant observes that, after he committed the offense in 2000, the statutes defining burglary and residential burglary were amended to provide that burglary is a lesser included offense of residential burglary. 

Defendant failed to raise this issue below and therefore, ordinarily the issue would be waived.  
People v. Enoch
, 122 Ill. 2d 176, 186-88 (1988).  However, we will address this issue under plain error because the error is so fundamental that it could allow for defendant's conviction of an offense that he could not be convicted of as a matter of law.  See 
People v. Kraus
, 318 Ill. App. 3d 774, 787-88 (2000) (a defendant cannot be convicted of an offense he has not been charged with committing, but can be convicted of an offense not included in the charging instrument if that offense is a lesser included offense of the crime the defendant was expressly charged with); 134 Ill. 2d R. 615(a) (errors affecting substantial rights may be reviewed although they were not brought to the trial court's attention).  

At the time defendant committed the offense in March 2000, and when he was sentenced in February 2001, the statute defining burglary provided that a person commits burglary when without authority he knowingly enters or without authority remains within a building, with intent to commit therein a felony or theft.  720 ILCS 5/19-1 (West 2000).  The statute further provided that burglary shall not include the offense of residential burglary.  720 ILCS 5/19-1 (West 2000).  The statute defining residential burglary at the time defendant committed the offense and was convicted provided that a person commits residential burglary when he knowingly and without authority enters the dwelling place of another with the intent to commit a felony or theft therein.  720 ILCS 5/19-3 (West 2000).

The Illinois Supreme Court held that the burglary and residential burglary statutes defined mutually exclusive offenses.  
People v. Childress
, 158 Ill. 2d 275, 302 (1994).  Therefore, burglary was not a lesser included offense of residential burglary.  The holding in 
Childress
 prompted the legislature to amend the burglary and residential burglary statutes.  See 
People v. Taylor
, No. 4-02-0180, slip op. at 3 (December 31, 2003).  The amendments became effective on June 1, 2001, and changed the language of the statutes so that burglary now constitutes a lesser included offense of residential burglary.  See 
Taylor
, slip op. at 3-4.  

The State urges us to follow this court's recent decision in 
People v. Blanks
, No. 1-01-0161 (1st. Dist., March 15, 2004).  In 
Blanks
, the defendant was charged with aggravated battery and residential burglary.  He was found guilty of aggravated battery and burglary.  On appeal, the defendant argued that, since he had been charged with residential burglary, he could not be found guilty of burglary because the crimes were mutually exclusive pursuant to 
People v. Childress
, 158 
Ill. 2d
 275 (1994)
.  See 
Childress
, 158 Ill.2d at 302.  The defendant made the same argument at trial and the court held that the amendment to the residential burglary statute, making burglary a lesser-included offense of residential burglary, was a procedural change which could be applied retroactively.  The two questions presented in 
Blanks
 were whether the amendment to the residential burglary statute was procedural or substantive and whether the amendment should be applied retroactively or prospectively. 

The amendment to the residential burglary statute became effective on June 1, 2001, after defendant's trial and sentence in this case.  "A general rule of statutory construction is that an amendment will be construed as prospective, absent express language to the contrary."  
People v. Fiorini
, 143 Ill. 2d 318, 333 (1991).  The amendment to the residential burglary statute is silent as to retroactivity and we, therefore, must construe the statute as applying prospectively.  However, there is an exception to the general rule of prospectivity that arises where the amendment affects only procedure.  
People v. Digirolamo
, 179 Ill. 2d 24, 50, 668 N.E.2d 116, 128 (1997).  "Where the legislature intends a retroactive application of the amendment and the statutory amendment relates to changes in procedure or remedies, and not substantive rights, it applies retroactively to pending cases."  
Digirolamo
, 179 Ill. 2d at 50, 668 N.E.2d at 128, citing 
Fiorini
, 143 Ill.2d at 333, 574 N.E.2d 612. 

Does the amendment to the residential burglary statute involve substantive law or procedure?  "Substantive law established rights and duties that may be redressed through the rule of procedure. [Citations.]  Procedure involves matters relating to pleading, practice, and evidence."  
Fiorini
, 143 Ill. 2d at 333.  
In 
Blanks
, the court held that the amendment was a procedural change and that it can be applied retroactively.  We respectfully disagree.

Where a statute permits a conviction for an uncharged offense, we suggest it applies to the "right or duties" of an individual, exposing him to conviction for an additional or alternative or lesser-included offense which was not possible prior to the amendment.  See 
Childress
, 158 
Ill. 2d
 at 302.  The 
Blanks
 court suggests that "no new crime" was created by the amendment.
  We agree.  However, defendant is exposed to conviction of an additional crime which was not the case prior to the amendment and subsequent to the supreme court's decision in 
Childress
.  The amendment to the residential burglary statute is a substantive change to the law and may not be applied retroactively.

Here, the trial court erred when it convicted defendant of burglary as a lesser included offense of residential burglary because the law in effect at the time of the offense in March 2000 and defendant's conviction in February 2001, clearly held that burglary and residential burglary were mutually exclusive offenses.  Accordingly, as the court did in 
People v. Gamino
, 335 Ill. App. 3d 1020 (2002), we reluctantly reverse defendant's conviction.  

For all the foregoing reasons, the trial court's judgment is reversed.

Reversed. 

HOFFMAN, P.J., and HALL, J., concur.

FOOTNOTES
1:
This court previously granted defendant's motion to dismiss the appeal because defendant had filed a premature notice of appeal before the trial court ruled on his post-sentencing motion.  
People v. Atkins
, No. 1-02-1065 (August 22, 2003) (dispositional order). 

2:
Codefendant was found guilty of residential burglary.