(No. 98257.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM ATKINS, Appellee.

*Opinion filed October 20, 2005.*

FREEMAN, J., joined by McMORROW, J., specially concurring.

Lisa Madigan, Attorney General, of Springfield, and Richard A. Devine, State's Attorney, of Chicago (Linda D. Woloshin, Assistant Attorney General, of Chicago, and Renee G. Goldfarb, Janet Powers Doyle and Noah C. Montague, Assistant State's Attorneys, of counsel), for the People.

Michael J. Pelletier, Deputy Defender, and Adrienne N. River, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

CHIEF JUSTICE THOMAS delivered the opinion of the court:

At issue is whether an amendment to the residential burglary statute, making burglary a lesser-included offense of residential burglary, may be applied retroactively. We hold that it may not.

## BACKGROUND

The State charged defendant, William Atkins, and his codefendant, Marcus Gross, with residential burglary (720 ILCS 5/19—3 (West 2000)). Defendant's bench trial was held simultaneously with Gross' jury trial. The evidence showed that, on March 19, 2000, Chicago police officers arrested defendant and Gross after observing them removing items from a three-flat building at 1808 West Hastings. Many buildings in the area had been torn down, and the three-flat was the only building remaining on its side of the block. The first and second floors of the building were vacant, but the officers were aware that Josephine Jackson lived in the basement apartment with her children. Jackson had locked the door to her apartment when she left for work that morning, and the door showed signs of forced entry. The apartment had been ransacked, and Jackson later identified as hers the property recovered from defendant and Gross. Jackson testified that she did not know defendant or Gross and did not give them permission to enter her apartment.

The jury found Gross guilty of residential burglary. In defendant's case, however, the trial judge stated that he did not think that it had been proved beyond a reasonable doubt that defendant knew the apartment was a residence. Accordingly, the trial judge convicted defendant only of the "lesser included offense" of burglary.

Defendant appealed, contending that, at the time of the offense, case law established that burglary was *not* a lesser-included offense of residential burglary. Thus, once the court found that residential burglary had not been proved, he was entitled to an acquittal. The State responded that, subsequent to defendant's conviction, the legislature amended the residential burglary statute to make burglary a lesser-included offense. See 720 ILCS 5/19—3 (West 2002). According to the State, this amendment could be applied retroactively to defendant's case.

The appellate court, First District, disagreed. 348 Ill. App. 3d 126. The court first noted defendant had waived the issue by raising it for the first time on appeal. Nevertheless, the court chose to address the issue under the plain-error rule because the error raised was so fundamental that it could allow defendant to be convicted of an offense that he could not be convicted of as a matter of law. 348 Ill. App. 3d at 128. The court then noted the rule that statutory amendments that are procedural may be applied retroactively, while those that apply to substantive law may not. 348 Ill. App. 3d at 129. The court held that the amendment making burglary a lesser-included offense of residential burglary was substantive because it exposed defendant to conviction of an additional crime. Thus, the court reluctantly reversed defendant's burglary conviction. 348 Ill. App. 3d at 130. We allowed the State's petition for leave to appeal.

## ANALYSIS

The question before us is solely one of law. Accordingly, our review proceeds *de novo*. *People v. Breedlove*, 213 Ill. 2d 509, 512 (2004).

At the time of the offense, the burglary and residential burglary statutes provided, in relevant part, as follows:

"§ 19—1. Burglary. (a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4—102 of The Illinois Vehicle Code, nor the offense of residential burglary as defined in Section 19—3 hereof." 720 ILCS 5/19—1(a) (West 2000).

"§ 19—3. Residential burglary. (a) A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." 720 ILCS 5/19—3(a) (West 2000).

At one time, it had been the practice in the appellate court to view burglary as a lesser-included offense of residential burglary. See, *e.g.*, *People v. Edgeston*, 243 Ill. App. 3d 1 (1993); *People v. Wiley*, 169 Ill. App. 3d 140 (1988); *People v. Johnson*, 129 Ill. App. 3d 399 (1984); *People v. Dawson*, 116 Ill. App. 3d 672 (1983).

In *People v. Childress*, 158 Ill. 2d 275 (1994), however, this court held that burglary was *not* a lesser-included offense of residential burglary. We accepted the parties' contention that these statutes described mutually exclusive conduct:

"As the defendant observes, the two offenses are mutually exclusive. Residential burglary can be committed only in dwelling places, while simple burglary cannot occur in a dwelling place. The victim in the present case was attacked and killed in her own home, and thus the defendant could not have been guilty of burglary. Although the defendant failed to raise this point in the proceedings below, he now asks that his conviction for burglary be vacated. The State agrees that the conviction should be vacated, and we vacate the defendant's conviction for that offense." *Childress*, 158 Ill. 2d at 302.

*Childress* proved problematic. For instance, a conflict arose in the appellate court over whether an attached garage was a dwelling. The Second District (*People v. Cunningham*, 265 Ill. App. 3d 3, 9 (1994), and the Fourth District (*Dawson*, 116 Ill. App. 3d at 675), held that it was, while the First District (*People v. Mata*, 243 Ill. App. 3d 365, 368 (1993)), held that it was not. Thus, in a case in which the defendant was convicted of *residential burglary* of an attached garage, the First District reversed the conviction (*Mata*, 243 Ill. App. 3d at 368-69), while the Second District reversed the conviction of a defendant convicted of *burglary* of an attached garage (*People v. Borgen*, 282 Ill. App. 3d 116, 122-23 (1996)). Because of *Childress*'s holding that the crimes were mutually exclusive, the courts were forced to reverse convictions even though it was clear that the defendant was guilty of some type of burglary offense.

The legislature fixed the problem by amending the residential burglary statute to provide that burglary is a lesser-included offense of residential burglary. Effective June 1, 2001, the burglary and residential burglary statutes now provide as follows:

"§ 19—1. Burglary.

(a) A person commits burglary when without authority he knowingly enters or without authority remains within a building, housetrailer, watercraft, aircraft, motor vehicle as defined in the Illinois Vehicle Code, railroad car, or any part thereof, with intent to commit therein a felony or theft. This offense shall not include the offenses set out in Section 4—102 of The Illinois Vehicle Code." 720 ILCS 5/19—3 (West 2002).

"§ 19—3. Residential burglary.

(a) A person commits residential burglary who knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft. This offense includes the offense of burglary as defined in Section 19—1." 720 ILCS 5/19—1 (West 2002).

Defendant was convicted and sentenced prior to the effective date of these amendments. Thus, the trial judge had no authority to convict defendant of burglary as a lesser-included offense of residential burglary because *Childress* was a binding interpretation of the statutes then in effect. Defendant's burglary conviction could only be saved if the amended version of section 19—3 could be applied retroactively.

In *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001), this court adopted the retroactivity analysis of *Landgraf v. USI Film Products*, 511 U.S. 244, 128 L. Ed. 2d 229, 114 S. Ct. 1483 (1994). *Landgraf* sets forth a multipart test to determine retroactivity, and the first step is to determine whether the legislature has clearly indicated the temporal reach of the amended statute. *Commonwealth Edison*, 196 Ill. 2d at 38. This court later determined, however, that, as long as section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2002)) is in effect, an Illinois court will never need to go beyond step one of the *Landgraf* test. *Caveney v. Bower*, 207 Ill. 2d 82, 94 (2003). Section 4 is a general saving clause in which "the legislature has clearly indicated the 'temporal reach' of *every* amended statute." (Emphasis in original.) *Caveney*, 207 Ill. 2d at 92. This court has interpreted section 4 to mean that procedural changes to statutes may be applied retroactively, while substantive changes may not. *Caveney*, 207 Ill. 2d at 92; *People v. Glisson*, 202 Ill. 2d 499, 507 (2002). Here, the legislature did not indicate that the amendment should be applied retroactively. Accordingly, section 4 applies, and the question before us is whether the amendment to the residential burglary statute is substantive or procedural.

In *Rivard v. Chicago Fire Fighters Union, Local No. 2*, 122 Ill. 2d 303 (1988), we explained the difference between a substantive amendment and a procedural one:
"We have noted before that the line between 'substance' and 'procedure' may often be unclear. (*Orlicki v. McCarthy*

(1954), 4 Ill. 2d 342, 348 ('no simple formula can be evolved as to when an amendment relates to a procedural, or to a substantive right').) In general, procedural law is ' "[t]hat which prescribes the method of enforcing rights or obtaining redress for their invasion; machinery for carrying on a suit." ' (*People v. Ruiz* (1985), 107 Ill. 2d 19, 22, quoting Blacks' Law Dictionary 1367 (4th ed. 1951).) Substantive law, in contrast, establishes the rights whose invasion may be redressed through a particular procedure. More specifically, procedure embraces 'pleading, evidence and practice. Practice means those legal rules which direct the course of proceedings to bring parties into court and the course of the court after they are brought in.' *Ogdon v. Gianakos* (1953), 415 Ill. 591, 596." *Rivard*, 122 Ill. 2d at 310-11.

Thus, examples of amendments this court has held to be procedural include one allowing substituted service on the Secretary of State for a former resident of Illinois (*Ogdon v. Gianakos*, 415 Ill. 591, 596 (1953)), and one changing a statute of limitations (*Orlicki v. McCarthy*, 4 Ill. 2d 342, 353-54 (1954)). Substantive amendments include those that alter the scope or the elements of a crime. *Glisson*, 202 Ill. 2d at 508; *People v. DiGirolamo*, 179 Ill. 2d 24, 50 (1997).

Here, the amendment to the residential burglary statute is clearly substantive because it altered the scope of the residential burglary statute. As the appellate court correctly noted, the amendment exposes defendant to conviction of an additional crime. 348 Ill. App. 3d at 130. Previously, when a defendant committed a burglary in a dwelling he was committing solely the crime of residential burglary. *Childress* had construed the preamendment versions of residential burglary and burglary as being mutually exclusive. Under the amended version of the statute, a defendant commits both burglary and residential burglary when he commits a burglary in a dwelling. This is a substantive change in the meaning of the residential burglary statute.

The State contends that the amendments were merely procedural. According to the State:

"The amendment here does not affect matters of substance; instead, it is procedural. Under the former version of the statute, the prosecutor was given the discretion to charge residential burglary or burglary, and the trier of fact was barred from consideration of the lesser charge of burglary unless the prosecutor charged both offenses. With the amendment to the statute, however, the legislature, consistent with the usual power of the trier of fact to find the defendant guilty of lesser included offenses, properly amended this procedure and returned the power to the trier of fact rather than the prosecutor."

The State is incorrect. What the State describes are merely procedural ramifications of a substantive change to the statute. Procedural ramifications of a substantive amendment do not make the amendment procedural. See *People v. Holmes*, 292 Ill. App. 3d 855, 860-61 (1997); *People v. Jennings*, 181 Ill. App. 3d 439, 442 (1989). This case does not involve a general amendment to the Criminal Code concerning lesser-included offenses. Rather, it involves substantive changes to the burglary and residential burglary statutes that have procedural ramifications for how the crimes can be charged.

Because the amendment to the residential burglary statute was a substantive one that cannot be applied retroactively, the appellate court was correct in reversing defendant's burglary conviction. The State charged defendant solely with residential burglary. Once the trial court determined that the State had not met its burden of proof on that charge, it had no choice but to acquit defendant.

The State disagrees with this conclusion, contending that, even if this court finds that the amendments cannot be applied retroactively, the proper remedy is to remand the cause for a new trial. The State argues that, by finding defendant guilty of burglary, the trial judge did not acquit defendant of residential burglary. Rather, the State argues, this was merely a case of trial error, and that the trial judge simply believed that burglary

was a more appropriate charge. We disagree. Clearly, it was the trial judge's intent to acquit defendant of residential burglary. It is axiomatic that a conviction of solely an included offense operates as an acquittal of the offense charged. 720 ILCS 5/3—4(a) (West 2002); *People v. McCutcheon*, 68 Ill. 2d 101, 105 (1977); *People v. Newman*, 360 Ill. 226, 232-33 (1935). Thus, when the trial judge purported to convict defendant of an included offense, his intention was to acquit defendant of the greater. Moreover, the trial judge clearly stated in his remarks from the bench that he was finding defendant guilty of a "lesser included offense" because the State had not established defendant's guilt of residential burglary beyond a reasonable doubt.

The State also complains that the trial judge's comments show that he misunderstood the elements of residential burglary. Even if this were true, and the trial court erroneously acquitted defendant of that charge, retrial would still be barred by double jeopardy principles. See *Arizona v. Washington*, 434 U.S. 497, 503, 54 L. Ed. 2d 717, 726, 98 S. Ct. 824, 829 (1978) ("an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation' "), quoting *Fong Foo v. United States*, 369 U.S. 141, 143, 7 L. Ed. 2d 629, 631, 82 S. Ct. 671, 672 (1962). We reject the State's contention that defendant can be retried.

The appellate court correctly concluded that the amendment to the residential burglary statute cannot be applied retroactively to defendant's case. Accordingly, the appellate court properly reversed defendant's conviction of burglary, and we affirm the appellate court's judgment.

*Affirmed.*

JUSTICE FREEMAN, specially concurring:

Although I agree with the result reached by the court today, I do not fully agree with the analysis used in reach-

ing that result. For the reasons expressed in my special concurrence in *Caveney v. Bower*, 207 Ill. 2d 82, 97 (2003) (Freeman, J., specially concurring, joined by McMorrow, C.J., and Kilbride, J.), I remain concerned about the court's use of section 4 of the Statute on Statutes in the context of the *Landgraf* test for determining the retroactivity of a statute. I continue to believe that the better approach in these cases is to apply the *Landgraf* test in the manner set forth by the United States Supreme Court, and as was contemplated by this court in *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27 (2001). Applying that test (see *Commonwealth Edison*, 196 Ill. 2d at 38 (applying *Landgraf* test); see also *People v. Ramsey*, 192 Ill. 2d 154, 186 (2000) (Freeman, J., specially concurring, joined by McMorrow, J.) (discussing application of *Landgraf* with the context of criminal cases)), I reach the same conclusion as that reached by my colleagues—that the amendment at issue here may not be applied retroactively.

JUSTICE McMORROW joins in this special concurrence.