THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. TRACY E. JOHNSON, Petitioner-Appellant.

Third District   No. 3—97—0713

Opinion filed May 17, 1999.—Rehearing denied June 23, 1999.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Tracy E. Johnson, broke into the home of the victim, Sterns Crapnell, with the intent to commit a theft. During the course of the crime, Crapnell returned home and the petitioner killed him. The petitioner was convicted of felony murder based on burglary, burglary and residential burglary. Ill. Rev. Stat. 1989, ch. 38, pars. 9—1(a)(3), 19—1(a), 19—3(a). He was sentenced to a 70-year term of imprisonment for felony murder and a concurrent 15-year term of imprisonment for residential burglary. No sentence was imposed on the burglary conviction.

On appeal, this court affirmed his convictions and sentences. *People v. Johnson*, 223 Ill. App. 3d 169, 584 N.E.2d 515 (1991). The petitioner then filed a postconviction petition which the trial court dismissed at the first stage of proceedings.

On appeal from that dismissal, the petitioner argued for the first time that his conviction for felony murder should be vacated because he could not have been convicted of that offense as a matter of law. The petitioner noted that, at the time of the crime, felony murder could be predicated upon burglary but not residential burglary. Since the time of his direct appeal, our supreme court has ruled that burglary and residential burglary are mutually exclusive and that one cannot be convicted of burglary of a residence. See *People v. Childress*, 158 Ill. 2d 275, 633 N.E.2d 635 (1994). Therefore, the petitioner argued, his conviction for residential burglary precluded a finding that he committed burglary, the predicate crime for his felony-murder conviction. In addition, he alleged that both trial and appellate counsel were ineffective for failing to attack the felony-murder charge on this ground.

We remanded the petition to the trial court to allow the petitioner to amend his petition to include this contention and allow the trial court to rule on its merits. *People v. Johnson*, 271 Ill. App. 3d 1155 (1995) (unpublished order under Supreme Court Rule 23). On remand, the trial court again dismissed the petition. The petitioner appeals, and we reverse.

On appeal, the petitioner argues that his rights to due process and the effective assistance of counsel were denied when he was convicted of felony murder based upon burglary when the record conclusively establishes that, as a matter of law, he could not have been guilty of burglary. See *People v. Childress*, 158 Ill. 2d 275, 633 N.E.2d 635 (1994).

In response, the State argues that the holding in *Childress* is inapplicable to this case. In the alternative, the State contends that even if this court is bound by the holding in *Childress*, it need not be applied retroactively to the petitioner's case because *Childress* created a new rule of law.

At the time of the offense, the burglary provision stated that, "A person commits burglary when without authority he knowingly enters *** a building *** with intent to commit therein a felony or theft. This offense shall not include *** the offense of residential burglary as defined in Section 19—3 hereof." Ill. Rev. Stat. 1989, ch. 38, par. 19—1. Based on this provision, our supreme court found that residential burglary and burglary are two separate offenses that are mutually exclusive. *People v. Childress*, 158 Ill. 2d 275, 302, 633 N.E.2d 635, 647 (1994). Residential burglary can be committed only in dwelling places, while simple burglary cannot occur in a dwelling place. *Childress*, 158 Ill. 2d at 302, 633 N.E.2d at 647.

Here, at the time the petitioner murdered Crapnell, residential burglary was not a predicate offense of felony murder. See Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(2), 2—8. Therefore, the petitioner's felony-murder conviction can only be upheld if the petitioner could have been convicted of felony murder predicated upon burglary. However, a defendant cannot commit a burglary in a dwelling place. *Childress*, 158 Ill. 2d at 302, 633 N.E.2d at 647. Since the crime occurred in the victim's home, a dwelling place, the petitioner could not have been guilty of burglary as a matter of law. Therefore, the petitioner's conviction for felony murder predicated upon burglary must be vacated.

The State, argues, however, that we should not vacate the petitioner's felony-murder conviction because we need not apply the ruling in *Childress* retroactively to the petitioner's case. Specifically, the State contends that a decision that announces a new rule of law is

not to be applied retroactively to cases pending on collateral review. *People v. Moore*, 177 Ill. 2d 421, 686 N.E.2d 587 (1997).

We do not believe that *Childress* announced a new rule of law. Instead, it merely applied the statutory law to the facts of this case and held that the offenses were mutually exclusive. *Childress*, 158 Ill. 2d at 302, 633 N.E.2d at 646; *cf. People v. Moore*, 177 Ill. 2d 421, 686 N.E.2d 587 (1997) (a decision does not announce a new rule of law if it merely applies precedent to a similar set of facts).

We need not reach the petitioner's remaining contentions regarding the effective assistance of trial and appellate counsel based upon our resolution of the foregoing issue.

Accordingly, the judgment of the circuit court of Rock Island County is reversed, and the petitioner's conviction for felony murder is vacated.

Reversed.

HOLDRIDGE, P.J., and KOEHLER, J., concur.