No. 2--03--0651

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Boone County.

)

Plaintiff-Appellee, )

)

v. ) No. 93--CF--152

)

CESAR RODRIGUEZ, ) Honorable

) Gerald F. Grubb,

Defendant-Appellant. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Cesar Rodriguez, appeals from an order denying his "Motion to Vacate Judgment of Conviction."  Defendant was a minor at the time he committed the offenses involved in this case.  However, the court allowed his prosecution under criminal law pursuant to section 5--4(7)(a) of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/5--4(7)(a) (West 1992)), a mandatory transfer provision.  Under section 5--4(7)(a), that the minor was on a public way at the time of the offenses was a precondition for criminal prosecution.  Defendant appealed his resulting criminal conviction, contending that the trial court erred in interpreting "public way" to include the place at which he allegedly sold drugs, the parking lot of a gas station.  This court upheld the trial court's interpretation in a divided opinion.  
People v. Rodriguez
, 276 Ill. App. 3d 33, 38 (1995) (
Rodriguez I
) (as a matter of first impression, a "public way" for purposes of section 5--4(7)(a) is an area accessible to the public).  We later explicitly disapproved that decision in 
People v. Dexter
, 328 Ill. App. 3d 583, 587 (2002), limiting the interpretation of "public way" to a passageway designed for travel and open as of right to the public.

After the publication of 
Dexter
, defendant moved the trial court to vacate his conviction and sentence, contending that 
Dexter
's holding showed that they were void, but the trial court rejected that contention on the basis that 
Dexter
 did not apply retroactively.  Defendant appeals.  We hold that, under applicable United States Supreme Court precedent, 
Dexter
 must apply retroactively.  Further, we have previously decided that a criminal conviction or sentence is void when the facts established at the time the court entered the judgment required a juvenile adjudication.  Therefore, we reverse.

BACKGROUND

We set out in detail the circumstances of defendant's conviction in the opinion we rendered on defendant's direct appeal (
Rodriguez I
, 276 Ill. App. 3d at 34-35), but we summerize them briefly here.  In 1993, the State brought a five-count petition for adjudication of wardship against defendant, alleging that he had committed the offenses of unlawful delivery of a controlled substance (720 ILCS 570/401(a)(7)(A)(ii) (West 1992)) (two counts) and unlawful delivery of cannabis (720 ILCS 550/5 (West 1992)) (three counts).  The court granted the State's petition for the nondiscretionary transfer of the controlled substance charges to criminal court pursuant to section 5--4(7)(a) of the Act.  

The version of section 5--4(7)(a) then applicable mandated that a minor lose the protection of the Act and be criminally tried for manufacture or delivery of a controlled substance (720 ILCS 570/401 (West 1992)), when he or she (1) was charged with manufacture or delivery, (2) was at least 15 years old at the time of the offense, and (3) committed the offense "on a public way within 1,000 feet of the real property comprising any school."  705 ILCS 405/5--4(7)(a) (West 1992).  After the State filed an information charging defendant with unlawful delivery of a controlled substance, defendant moved to dismiss the charges, contending that the court lacked jurisdiction to go forward with the criminal case because the gas station parking lot in which the State alleged the drug sale occurred was not a public way.  The court disagreed.  After a stipulated bench trial, the court found defendant guilty on both controlled substance counts and sentenced him to six years' imprisonment.  We affirmed the convictions on direct appeal, agreeing with the trial court's interpretation of "public way."

Nearly seven years later, the appeal in 
Dexter
 required us to interpret again the term "public way" in a criminal statute.  We repudiated our interpretation of the term in 
Rodriguez I
 and, instead, embraced a dictionary definition of "public way":  " 'any passageway (as an alley, road, highway, boulevard, turnpike) or part thereof (as a bridge) open as of right to the public and designed for travel.' "  
Dexter
, 328 Ill. App. 3d at 587, quoting Webster's Third New International Dictionary 1836 (1993).  We concluded that the effect of our reasoning in 
Rodriguez I
 had been to improperly expand section 5--4(7)(a) of the Act:  "S
urmising that the General Assembly must have meant what it did not say, the 
Rodriguez
 majority rewrote the law by inserting terms that the legislature chose to leave out."  
Dexter
, 328 Ill. App. 3d at 591.

Shortly after we released our opinion in 
Dexter
, the Boone County public defender, defendant's trial counsel, filed a document entitled "Motion to Vacate Judgment of Conviction," contending that 
Dexter
's overruling of the opinion on defendant's direct appeal required the trial court to find that defendant's conviction was void.  At a status hearing on the filing, the public defender asserted that the transfer was "void as of the get-go" and that, therefore, the court could correct the problem at any time.  The public defender, the State, and the court then engaged in a colloquy regarding whether 
Dexter
 could apply retroactively to defendant's case.

Although the court expressed doubts regarding whether defendant's "Motion" was an effective means to invoke the court's jurisdiction, it denied defendant relief in an order that addressed the merits of his contentions.  It ruled that, because
 this court explicitly disapproved of the rule it announced in 
Rodriguez
,
 the rule in 
Dexter
 should not apply retroactively.  Defendant now timely appeals.

ANALYSIS

Initially, we note that we will review this matter as the denial of a petition under section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2002)).  Although a party can attack a void judgment at any time (
People v. Thompson
, 209 Ill. 2d 19, 25 (2004)), a freestanding motion is not a viable method to challenge such a judgment because it does not initiate an action in which the court has jurisdiction to address the matter.  
People v. Helgesen
, 347 Ill. App. 3d 672, 675-76 (2004).  Nevertheless, a trial court may address the motion after construing it as a filing (such as a section 2--1401 petition or a postconviction petition) by which a party may collaterally attack a judgment.  See 
Helgesen
, 347 Ill. App. 3d at 675.  Alternatively, if a trial court rendered a judgment on the merits of such a motion, this court too can give it an appropriate characterization on review.
(footnote: 1)  See 
Sarkissian v. Chicago Board of Education
, 201 Ill. 2d 95, 99-102 (2002) (construing an order denying motion to vacate a void judgment, which the trial court had not explicitly recharacterized, as the denial of a section 2--1401 petition, allowing the reviewing courts to assume appellate jurisdiction).  Here, the trial court rendered a judgment on the merits without explicitly construing the motion.  Defendant argues that we should characterize the motion as a section 2--1401 petition.  Following 
Sarkissian
's lead, we adopt that characterization.

Defendant contends that his sentence and conviction are void because under the definition of "public way" imposed by 
Dexter
, the trial court lacked the power under section 5--4(7)(a) of the  Act to treat him as an adult.  Whether a judgment is void is a question of law, and we therefore review it 
de
 
novo
.  See 
In re Adoption of E.L.
, 315 Ill. App. 3d 137, 149 (2000).

Before considering whether an error in the application of section 5--4(7)(a) renders a criminal conviction and sentence void, we must first resolve the issue of whether we should apply 
Dexter
 retroactively in considering the matter.  We believe, as a matter of both logic and precedent, that we must.  Logically, a statute such as section 5--4(7)(a) can have only one meaning.  The phrase "public way" in the applicable version of section 5--4(7)(a) either does or does not include a gas station parking lot.  If the interpretation in 
Dexter
 is right, the interpretation in 
Rodriguez I
 was wrong from the outset, and the trial court was wrong when it transferred defendant.  See 
Bousley v. United States
, 523 U.S. 614, 625, 140 L. Ed. 2d 828, 841-42, 118 S. Ct. 1604, 1612 (1998)
 (Stevens, J., concurring in part and dissenting in part) (a Supreme Court decision does not change the meaning of a federal statute; it explains what the statute meant from the start).  If the error was of the kind that rendered the resulting judgment void, it is, and has always been, void.  

The trial court relied on the general rule that "a decision will be applied retroactively 
unless
 the court expressly declares that 'its decision is a clear break with the past, such as when a court explicitly overrules its own past precedent, disapproves a practice that it has previously approved, or overturns a well-established body of lower court authority.' " (Emphasis added.)  
People v. Phillips
, 219 Ill. App. 3d 877, 879 (1991), quoting 
People v. Perruquet
, 181 Ill. App. 3d 660, 662 (1989).  Because of the fixed nature of voidness, the rule is not coherent in the face of a voidness claim.
(footnote: 2)
 Furthermore, we conclude that Illinois follows the federal rule that a decision that narrows a substantive criminal statute must have full retroactive effect in collateral attacks.  The Illinois Supreme Court has explicitly adopted only the standard of 
Teague v. Lane
, 489 U.S. 288, 307, 103 L. Ed. 2d 334, 353, 109 S. Ct. 1060, 1073 (1989), which is applicable when deciding if a new constitutional rule of criminal procedure can function retroactively as a basis for a collateral attack.  
People v. Flowers
, 138 Ill. 2d 218, 237 (1990).  The 
Teague
 standard, by its own terms, applies only  to questions of the retroactivity of new procedural rules.  
Bousley
, 523 U.S. at 620, 140 L. Ed. 2d at 838, 118 S. Ct. at 1610.  However, the Supreme Court treats any decision as retroactive for the purpose of a collateral attack when the change raises grave doubts about the accuracy of the original judgment.  See 
Schriro v. Summerlin
, __ U.S. __, __, 159 L. Ed. 2d 442, __, 124 S. Ct. 2519, 2522-23 (2004).  Such doubts arise both with "watershed" changes to the rules of criminal procedure that implicate the fundamental fairness and accuracy of a criminal proceeding (
Schriro
, __ U.S. at __, 159 L. Ed. 2d at __, 124 S. Ct. at 2523; 
Teague
, 489 U.S. at 311, 103 L. Ed. 2d at 356-57, 109 S. Ct. at 1076) and with new substantive rules that raise the possibility that a " 'defendant stands convicted of "an act that the law does not make criminal" ' or faces a punishment that the law cannot impose" (
Schriro
, __ U.S. at __, 159 L. Ed. 2d at __,124 S. Ct. at 2522-23, quoting 
Bousley
, 523 U.S. at 620, 140 L. Ed. 2d at 838, 118 S. Ct. at 1610, quoting 
Davis v. United States
, 417 U.S. 333, 346, 41 L. Ed. 2d 109, 119, 94 S. Ct. 2298, 2305 (1974)).  The Supreme Court thus adopted the 
Teague
 standard as part of a unified doctrine of retroactivity in collateral attacks.  In 
Flowers
, although it explicitly adopted only 
Teague
, the Illinois Supreme Court noted the harmony between the federal view of retroactivity in collateral attacks and its own.  
Flowers
, 138 Ill. 2d at 237.  Lacking any strong Illinois precedent to the contrary, we think the whole of the federal doctrine is applicable.

Under the federal doctrine, a decision that narrows the applicability of a substantive criminal statute is fully retroactive.  
Bousley
, 523 U.S. at 620-21, 140 L. Ed. 2d at 838-39, 118 S. Ct. at 1609-10.  A
s it applies to section 5--4(7)(a) of the Act, 
Dexter
 is such a decision, because it narrows the range of persons who can be prosecuted for manufacture or delivery of a controlled substance.

The State contends that the federal doctrine does not apply because section 5--4(7)(a) is procedural, not substantive.  Given that section 5--4(7)(a) governs not just the way in which a minor is tried but the nature of the judgment (a juvenile adjudication versus a criminal conviction) and the available sentences (under the Act versus the Unified Code of Corrections), this suggestion is outlandish.  Ample precedent exists for the proposition that "[w]hether a person is 
tried
 in juvenile or criminal court is merely a matter of procedure."  (Emphasis added.)  
People v. DeJesus
, 127 Ill. 2d 486, 498 (1989).  This is wholly consistent with the fact that the nature of the judgment and punishment is substantive; the 
form
 of the trial is separable from the 
consequences
 of a finding of guilt.  See 
People v. Brazee
, 333 Ill. App. 3d 43, 47-49 (2002) (
Brazee II
) (section 5--4(6)(c)(ii) of the Act (705 ILCS 405/5-4(6)(c)(ii) (West 1996)), required in some circumstances that a person tried as an adult receive a juvenile adjudication and sentence).

Once we apply 
Dexter
's interpretation of "public way" to this case, there is no dispute that the trial court erred in concluding that section 5--4(7)(a) placed defendant outside the protection of the Act.  The question then is whether that error rendered his conviction and sentence void.  This court has previously held that a court lacks the power to impose a criminal conviction and sentence when the Act requires a juvenile adjudication and punishment, and that the conviction and sentence resulting from such an error are therefore void.  
People v Brazee
, 316 Ill. App. 3d 1230, 1234-35 (2000) (
Brazee I
); 
Brazee II
, 333 Ill. App. 3d at 49.  We continue to hold to that view.

A judgment is void (as opposed to voidable) only if the court that entered it lacked jurisdiction.  
People v. Davis
, 156 Ill. 2d 149, 155-56 (1993).  The jurisdictional failure can be the court's lack of (1) personal jurisdiction or (2) subject matter jurisdiction, but it can also be (3) that the court lacked the power to render the particular judgment or sentence.  
Davis
, 156 Ill. 2d at 155-56.  The jurisdictional failure here was of the third kind.

The circumstances of a case limit a court's power to render a particular judgment.  See 
People v. Arna
, 168 Ill. 2d 107, 113 (1995).  If the law requires consecutive sentences for certain offenses when a defendant commits two or more in a single course of conduct, and the evidence establishes that the defendant committed such offenses in a single course of conduct, then the court lacks the power to impose concurrent sentences.  
Arna
, 168 Ill. 2d at 113.  Here, the Act required a juvenile adjudication for defendant unless certain conditions were met, including that his offenses took place on a public way.  His offenses took place in a gas station parking lot, not a public way, so the court lacked the power to impose criminal sanctions.

The State argues that the conviction and sentence were not void because section 5--4(3)(a) of the Act (705 ILCS 405/5--4(3)(a) (West 1992) (now 705 ILCS 405/5--805(3) (West 2002))), a discretionary transfer provision, gave the court the power to impose a criminal conviction and sentence.  We cannot agree.  Section 5--4(3)(a) authorized a trial court to enter an order allowing prosecution of a minor under the criminal laws, if, after investigation and a hearing, it found that "it is not in the best interests of the minor or of the public to proceed under this Act."  705 ILCS 405/5--4(3)(a) (West 1992).  The trial court made no such finding.  
Arna
 does suggest that the reviewing court may have some power to determine independently whether such a predicate is present.  
Arna
, 168 Ill. 2d at 111, 112-13.  However, the record does not allow us to conclude that it was not in the best interests of defendant or the public to proceed under the Act.  Therefore, this predicate to a criminal sentence is absent.

The State contends that
 
res
 
judicata
 bars defendant's claim.  Although defendant fully litigated  the interpretation of "public way" in 
Rodriguez I
, fairness requires that we allow him to revisit the issue. 
Res
 
judicata
 does not bar relitigation of a claim when it acts as a barrier to fundamental fairness.  
Perruquet
, 181 Ill. App. 3d at 663.  The 
Perruquet
 court held that not allowing the defendant to raise the voidness of his sentence--after the supreme court ruled contrary to the Fifth District's holding in the defendant's original appeal--would be fundamentally unfair.  
Perruquet
, 181, Ill App. 3d at 663-64.  This is essentially the same situation, and we will relax the rule of 
res
 
judicata
.

Finally, the State asks us to reconsider our decision in 
Dexter
 and to revert to the construction of "public way" we used in 
Rodriguez I
.  We decline to do so.  

For the reasons given, we reverse the order of the circuit court of Boone County denying defendant's "Motion to Vacate Judgment of Conviction," and hold that defendant's criminal sentence and conviction are void.

Reversed.

McLAREN and BOWMAN, JJ., concur.

FOOTNOTES
1:
We note that the State has actively argued the merits of this matter both in the trial court and here.  Therefore, we need not be concerned that the trial court lacked personal jurisdiction over the State, or that this court lacks appellate jurisdiction.  
Cf
. 
People v. Mescall
, 347 Ill. App. 3d 995, 997-99 (2004) (this court lacked jurisdiction to consider a voidness claim when the defendant did not properly serve the State and the State never participated in arguing the merits of the matter).

2:
Our decision here is in tension with that in 
Perruquet
, in which the Fifth District employed the quoted rule on the way to determining that an Illinois Supreme Court decision applied retroactively to render the defendant's sentence void.