# Illinois Official Reports

## Appellate Court

*People v. Bruun*, 2015 IL App (2d) 130598

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID BRUUN, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-13-0598 |
| Filed | February 27, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's denial of defendant's motion to vacate an order requiring defendant to make monthly restitution payments after the expiration of the five-year period provided under section 5-5-6 of the Unified Code of Corrections for such orders was affirmed, since the restitution order remained in effect, even though the five-year limitation had expired, and the balance of the restitution order might still be collectable. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 98-CF-517; the Hon. James C. Hallock, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Thomas A. Lilien and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

Panel                        JUSTICE McLAREN delivered the judgment of the court, with opinion.

Justices Jorgensen and Birkett concurred in the judgment and opinion.

## OPINION

¶ 1        Defendant, David Bruun, appeals from an order of the circuit court of Kane County denying his *pro* se motion to vacate an order entered on June 14, 2006, that required him to make monthly restitution payments pursuant to section 5-5-6 of the Unified Code of Corrections (Code) (730 ILCS 5/5-5-6 (West 2006)). Section 5-5-6(f) provides that, when restitution is paid in installments, the trial court shall fix a period of time no longer than five years for payment of restitution. 730 ILCS 5/5-5-6(f) (West 2006). Defendant maintains that, upon the expiration of the five-year period, the restitution order became void. We affirm.

¶ 2        Following a bench trial, defendant was found guilty of five counts each of theft (720 ILCS 5/16-1 (West 1996)) and financial exploitation of an elderly or disabled person (financial exploitation) (720 ILCS 5/16-1.3 (West 1996)). The trial court entered judgment of conviction on a single count each of theft and financial exploitation. Defendant had been a cotrustee of a trust established for the benefit of David Rasmussen from the proceeds of the settlement of a medical malpractice claim. Rasmussen had suffered two strokes following hip-replacement surgery and was paralyzed on his right side. The convictions stemmed from evidence that defendant: (1) had made unauthorized loans of funds from the trust to a fledgling business that employed defendant as its chief executive officer; and (2) had withdrawn funds from the trust and used the funds for gambling and other personal purposes. The trial court sentenced defendant to two concurrent eight-year prison terms and ordered him to pay $430,812 in restitution.

¶ 3        Defendant appealed. A divided panel of this court concluded that the evidence was sufficient to sustain the theft conviction and that the trial court did not abuse its discretion by sentencing defendant to prison, rather than to probation. *People v. Bruun*, No. 2-02-0118 (2003) (unpublished order under Supreme Court Rule 23) (*Bruun I*). However, the majority agreed with defendant, and the State conceded, that "one-act, one-crime" principles required that one of defendant's convictions be vacated. The State elected to retain the theft conviction, and we vacated the financial-exploitation conviction. Furthermore, the parties agreed that defendant was entitled to a new restitution hearing to determine the correct amount of restitution and to set a schedule for payments. We vacated the restitution order and remanded for further proceedings.

¶ 4        On remand, on June 14, 2006, Judge Philip L. DiMarzio entered an order setting restitution at $444,875 and finding that defendant was entitled to credits totaling $190,468.62. The June 14, 2006, restitution order further provided, in pertinent part, as follows:

> "[Defendant] is to make monthly payments of $450.00 starting 7/15/06 based on 15% of his net current salary. This is for the statutory period of 5 years until 6/14/11. The amount is set for review on 6/14/07 ***. Either party may notice the case up if [defendant's] circumstances change. ***
>
> At the end of the 5 year period a new restitution order shall be entered providing for the remainder of the restitution to be paid ***."

Judge DiMarzio subsequently reduced the amount of defendant's monthly installment payments, but he did not extend the period during which payments were due.

¶ 5 In July 2010, the State initiated civil contempt proceedings against defendant, claiming that in October 2008 defendant ceased making restitution payments. Defendant unsuccessfully moved to dismiss the contempt proceedings and filed a notice of appeal from the order denying that motion. The State moved to dismiss the appeal for lack of jurisdiction. We granted the motion. *People v. Bruun*, No. 2-10-1153 (2011) (minute order).

¶ 6 On December 20, 2013, Judge James C. Hallock found defendant in contempt and continued the matter until February 20, 2012, in order to afford defendant an opportunity to purge himself of contempt by making a payment in the amount of $14,700. Defendant tendered that payment, but also filed a "Motion to Vacate Purge/Restitution Order." Judge Hallock denied the motion on May 31, 2013, entering a written order that provided, in pertinent part, "Judge DiMarzio's order as to restitution remains in effect. Court finds restitution is vested right in behalf of victim." Defendant filed a timely notice of appeal.

¶ 7 Defendant asserts that "[b]ecause the June 2006 order directing that [defendant] make monthly restitution payments became unenforceable, *and thus void*, as of June 14, 2011, [the May 31, 2013,] order directing that the [June 2006] order remain in full force and effect was likewise void and must be vacated." (Emphasis added.) The argument is meritless. It is true that under the June 2006 restitution order defendant was not obligated to make *additional* monthly payments beyond those that were due during the five-year period. But it does not follow that the order became unenforceable as to unpaid amounts that became due *during* the five-year period. More importantly, an otherwise valid judgment or order does not "become" void merely because the party against whom it was entered has fulfilled his or her obligations under the judgment or has otherwise been released from those obligations due to the passage of time.

¶ 8 Indeed, defendant's conclusions seem to be at odds with his own understanding of voidness principles. Defendant states that "[a] court's order is void in three circumstances: 1) when the court lacks personal jurisdiction over a party; 2) when the court lacks subject matter jurisdiction; and 3) when the court, due to a lack of statutory authority, lacks the power to render the particular judgment in question." This statement is largely correct.[1] However, none of these circumstances exists with respect to the June 2006 restitution order. There is no question that the trial court possessed jurisdiction over the person of defendant and the

---

[1]We note that this court has described the third circumstance–the lack of power to render a particular judgment–without reference to a court's "statutory authority." See *People v. Rodriguez*, 355 Ill. App. 3d 290, 296 (2005). For present purposes, however, defendant's formulation is accurate: a trial court in a criminal proceeding lacks the power to impose a sentence that is unauthorized by statute. *People v. Arna*, 168 Ill. 2d 107, 113 (1995).

subject matter and complied with the statutory requirement that installment payments be made over a period not to exceed five years.

¶ 9 Referring to the May 31, 2013, order that denied his motion to vacate, defendant argues that the trial court "lacked the statutory authority to extend [defendant's] obligation to make monthly restitution payments past June of 2011, and therefore the order providing that he do so was void." Defendant misconstrues the May 31, 2013, order. In that order, the trial court expressly found that restitution was "[a] vested right in behalf of [the] victim" and that the restitution order "remain[ed] in effect" We read the order to mean that defendant remained obligated to make full restitution, not that he was required to make further monthly installment payments. Indeed, because the restitution order remains in effect, then so does the provision of that order requiring monthly payments *only* until June 2011.[2]

¶ 10 To the extent that the May 31, 2013, order might be unclear, it is proper to consult the report of proceedings to determine the trial court's intent. *People v. Cooper*, 132 Ill. 2d 347, 353 (1989). Doing so bolsters our conclusion that the trial court did not intend to extend the installment-payment schedule beyond the period provided for by statute and by Judge DiMarzio's restitution order. In announcing his ruling, Judge Hallock stated as follows:

"At this time the Court will deny the defendant's motion to vacate the restitution order, and at this time the Court will make a finding that once the restitution order is entered it is–well, it's comparable to a finding for an order for child support. As each child support installment becomes due, it becomes a vested right to the payee; and I think when the restitution order is entered, it becomes a vested right to the victim.

And so the Court will not vacate the purge [*sic*]. Now, that doesn't mean that it's actually collectable. The burden will be on, in this case, the State to try to collect it in the future; but at this point, the Court will not vacate the restitution. And maybe the State can collect it, maybe the State can show some reason it should be collected, maybe they're not able to show that. But that will be at a different proceeding in a different level of collection action."

At that point, the following exchange occurred:

"MS. GLEASON [Assistant State's Attorney]: So, Judge, at this point you are not indicating that he has to make any kind of monthly payments.

THE COURT: *At this point I'm not.* Now, the State can now review the file to see what it thinks would be the appropriate collection vehicle, and maybe the State can be successful, maybe the State can't be successful.

[Defendant has] raised some issues that go to ability to pay, and that becomes a component of the State's attempt to actually collect this.

But I–at this time, the Court will not vacate the restitution. And then, Ms. Gleason, you and your office can decide what you want to do next; and then once you

---

[2]Defendant correctly notes that the June 2006 restitution order contemplated that, at the end of the five-year period, an additional restitution order would be entered. Section 5-5-6(i) provides that if a defendant fails to make restitution and the failure is not willful, the court may impose an additional period of no longer than two years for payment. 730 ILCS 5/5-5-6(i) (West 2006). The trial court never entered such an order, however, so we have no occasion to resolve the purely academic question of whether the court would have exceeded its statutory authority had it done so.

do, [defendant] will have an opportunity to respond. And maybe you are able to show that you should collect, maybe you are not able. ***

But I think that's the next step. *I think this motion related to whether we should wipe out the entire restitution, and I don't think we should.*

MS. GLEASON: Your Honor, just if I may, part of the argument last time was regarding Judge DiMarzio's order [reducing the monthly restitution payments]. So I guess what I'm asking is you are not saying that he has to pay any monthly fee [*sic*] at this time, you are just not vacating the restitution.

THE COURT: Well, Judge DiMarzio's order is still his order. It is still the law of the file.

MS. GLEASON: Okay.

THE COURT: And if the State is able to do something with that, maybe you can. ***

THE COURT: Maybe you are not able to. Maybe the defendant is able to show that you are not able to. But that's different than what the motion addressed." (Emphases added.)

¶ 11    Judge Hallock's remarks indicate that he did not intend to modify Judge DiMarzio's order. Consonant with his finding that restitution was a vested right, Judge Hallock recognized that the balance might still be collectable. Defendant acknowledges that a restitution order gives rise to a judgment lien that is enforceable in the same manner as a lien arising from a civil judgment. See 730 ILCS 5/5-5-6(m) (West 2006); *People v. Mitchell*, 241 Ill. App. 3d 1094, 1098 (1993). Thus, even though the obligation to make installment payments expired, the trial court correctly ruled that the restitution order remained in effect.

¶ 12    For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

¶ 13    Affirmed.